[Cite as *State v. Anderson*, 2022-Ohio-689.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110337 |
| v. | : | |
| DARNELL ANDERSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-649596-B and CR-20-654686-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian J. Piteo, Assistant Prosecuting Attorney, *for appellee*.

Michael P. Maloney, *for appellant*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Darnell Anderson appeals from his non-life indefinite felony sentence imposed under R.C. 2929.144. For the following reasons, we affirm Anderson's conviction for the qualifying felony offense.

{¶ 2} There are two separate criminal cases underlying this appeal: Cuyahoga County C.P. Nos. CR-20-649596-B and CR-20-654686-A. In CR-649596-B ("Robbery case"), Anderson was indicted on three counts: aggravated robbery in violation of R.C. 2911.01; robbery in violation of R.C. 2911.02(A)(2); and felonious assault, in violation of R.C. 2903.11. In CR-20-654686-A ("Burglary case"), he was indicted on two counts: aggravated burglary, in violation of R.C. 2911.11(A) and criminal damaging, in violation of R.C. 2909.06. In the Robbery case, Anderson pleaded guilty to a second-degree felony robbery offense, including a one-year firearm specification. In the Burglary case, Anderson pleaded guilty to a fourth-degree felony burglary offense and a misdemeanor criminal damaging offense. The aggregate 18-month sentence imposed in the Burglary case is concurrent with the minimum of four years and the maximum of six years imposed for the robbery conviction. Anderson also agreed, through the plea deal, to serve the consecutive one-year prison term on the firearm specification.

{¶ 3} At the time of his plea, the trial court indicated that because Anderson was pleading guilty to a felony of the second degree committed after the effective date of the Reagan Tokes Law, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(2)(a) would apply.

{¶ 4} In this appeal, Anderson presents a single assignment of error in which he broadly claims that his second-degree felony robbery conviction is void because the Reagan Tokes Law violates the separation-of-powers doctrine under the Constitutions of the United States and the state of Ohio. Anderson's sole argument

with respect to the separation of powers analogizes the Reagan Tokes Law's non-life indefinite sentencing scheme to Ohio's "bad time" law under former R.C. 2967.11, which provided the executive branch the power to keep a prisoner in jail beyond the sentence imposed by the trial court. *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000).

{¶ 5} We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenge Anderson advanced against the constitutional validity of the Reagan Tokes Law has been overruled. *See id.* at ¶ 17-51. *Delvallie* concluded that nothing in the Reagan Tokes Law shared commonality with the "bad time" provision deemed unconstitutional in *Bray*. As a result, Anderson's arguments challenging the constitutional validity of the qualifying second-degree felony robbery conviction, with a sentence imposed under the Reagan Tokes Law, must also be overruled. All other convictions are affirmed because no arguments have been presented to challenge them. App.R. 16(A)(7).

{¶ 6} We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR

N.B.  Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.